[No. 20102.   Department Two.   December 3, 1926.]

JOHN E. SAGMEISTER, *Appellant*, v. CONTINENTAL
CASUALTY COMPANY, *Respondent*.[1]

[1] ESTOPPEL (33)—INCONSISTENT CLAIM IN FORMER PROCEEDING.  In-
sured under an accident policy cannot recover for an injury to
his elbow, sustained in 1924, after having made an irreconcil-
able claim for industrial insurance, based on the allegation that
the accident in 1924 was not responsible for the injury, which he
alleged was due to existing conditions resulting from an accident
to his elbow in 1921 and for which he sought, and was awarded,
additional compensation, on reopening his claim for the original
injury.

Appeal from a judgment of the superior court for
King county, Jones, J., entered January 8, 1926, upon
granting a nonsuit in an action upon an accident in-
surance policy.   Affirmed.

*Elias A. Wright* and *Sam A. Wright, (Joseph B.
Smith,* of counsel), for appellant.

*Poe, Falknor, Falknor & Emory,* for respondent.

MACKINTOSH, J.—In November, 1921, the appellant
suffered an injury to his right elbow, and being a
workman, received compensation under the workmen's
compensation act.   To repair the injury, two surgical
operations were performed, which were not successful,
and the elbow was left in an unsound condition.

About the first of August, 1924, the appellant pro-
cured from the respondent a policy of insurance, by
which he was to receive indemnity for loss of

" . . . time resulting exclusively from a bodily
injury which is effected solely by external, violent and
purely accidental means and which causes at once and
continuously after the accident total inability on the

[1]Reported in 251 Pac. 124.

part of the insured to engage in any labor or occupation.''

About two weeks after having secured this policy of insurance, the appellant, while at work, received an injury to his right elbow, and this action was begun for the purpose of securing indemnity under the respondent's policy, which it had refused to pay.

In the latter part of August, 1924, the appellant had a third operation performed on his elbow, which, like its predecessors, was unsuccessful; and early in 1925, had a fourth operation, which produced a satisfactory result. Subsequent to the first two operations and prior to August, 1924, the appellant had called upon two or three doctors for examination of his elbow, and one of these doctors had written to the department of labor and industries, apparently with a view of reopening the appellant's claim.

The application for the policy and the policy itself contained several material misstatements relating to the absence of other insurance and the existence of this elbow injury. The appellant claims that these misstatements did not injuriously affect his right of recovery, for the reason that the agent writing the policy was fully advised of the truth and that the inclusion of the misstatements in the documents was the act of the company itself, and that he should not suffer thereby. This point it is unnecessary to discuss, for the reason that the nonsuit granted by the trial court must be sustained on another ground.

This same disposition can be made of another point, thoroughly argued by respective counsel, as to the effect of the provision that, in order to render the respondent liable on its policy, the loss of time must have been exclusively the result of a bodily injury; the respondent arguing for a strict construction of the word

"exclusive," and the appellant making claim that that word should be given the meaning of "proximate cause." While this presents a very interesting question for argument, it is unnecessary to determine it, and it may be assumed, for the purpose of this case, that the appellant's contention is the correct one and that a recovery could be had, if the injury in August, 1924, was the proximate cause of the appellant's loss of time.

[1] The matter that is fatal to the appellant's cause of action, however, is this: That on October 27, 1924, the appellant wrote to the state department of labor and industries a holographic letter, in which he sought to have his claim with that department for the injury of 1921 reopened, for the purpose of receiving further compensation from August, 1924. He stated in that letter, that

"The operation of August 19, 1924, was due to my injury of November 26, 1921. The bruise immediately responsible for this last operation [this was the injury of August, 1924], as previously reported, could not have caused the operation but for conditions existing due to the original injury of Nov. 26, 1921. Will request that you kindly reopen my claim for compensation."

In compliance with this request, the department reopened the claim and paid the appellant for loss of time for several months. As soon as the payments from the workmen's compensation fund had ceased, the appellant instituted this suit to recover from the respondent for the same loss of time for which he had been paid by the state, alleging that that loss was due to the injury in 1924, thus assuming two inconsistent and irreconcilable positions, one of which, of necessity, must be false. The medical testimony introduced by the appellant himself failed to show that the opera-

tion of August, 1924, and the subsequent one early in 1925, resulting in the loss of time for which the appellant was seeking compensation, were proximately caused by what the appellant designates as the "bruise" of August, 1924.

With the record in this unsatisfactory and inconclusive condition, and appellant having been shown to have made claim that this loss of time resulted from the original injury, and having recovered compensation on that basis, the trial court was correct in granting a motion for a nonsuit, for the reason that there was not sufficient evidence to go to the jury to establish any liability under respondent's policy.    While the situation is not such as could come under the technical definition of an estoppel against the appellant, it is one where there is a failure on the appellant's part to produce evidence warranting his recovery.

The judgment is, therefore, affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and ASKREN, JJ., concur.